**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RODNEY SMITH LTD.,

                   Plaintiff,

v.

GILCHRIST & SOAMES, INC., SYSCO
CORPORATION and SYSCO GUEST
SUPPLY, LLC,

                   Defendants.

---

Civil Docket No. 1:25-cv-07816-RA-BM

## STIPULATED CONFIDENTIALITY ORDER

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED:

1. **Purposes and Limitations.** Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than engaging in this litigation may be warranted. Accordingly, the parties have stipulated to and petitioned the Court to enter this Stipulated Confidentiality Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **Definitions.**

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1

2.2     "CONFIDENTIAL" Information: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     HIGHLY CONFIDENTIAL Information: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for increased protection under Federal Rule of Civil Procedure 26(c) because the Producing Party reasonably believes in good faith that such Discovery Material, if disclosed other than pursuant to Paragraph 7 below, is substantially likely to cause immediate injury to the Producing Party.

2.8     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential and highly confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**4.**    **Duration.**  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**    **Designating Protected Material**.

   **(a)** Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   **(b)** Mass, indiscriminate, or routinized designations are prohibited.

   **(c)** If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, and if the Designating Party agrees with the Challenging Party that the Discovery Material at issue does not constitute Protected Material, then that Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

   **(d)** A Designating Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the

document, or "HIGHLY CONFIDENTIAL" on the document, as the case may be, in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. Designations do not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

(e) **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions to be designated. Depositions, in whole or in part, shall be designated on the record at the time of the deposition. Deposition testimony so designated shall remain Protected Material unless and until such designation is challenged in accordance with this Order.

6. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(1) **Counsel.** Counsel for the parties specifically retained for this action and employees of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order who have a need to know such information;

(3) **The Court, Court Reporters, and Recorders.** The Court, Court reporters, and recorders engaged for depositions;

(4) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5) **Consultants and Experts.** Consultants, investigators, or Experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

7.       **Protection of Highly Confidential Material**.

(a) **General Protections**. Documents designated HIGHLY CONFIDENTIAL under this Order shall not be used or disclosed by counsel for the parties or any other persons identified in ¶ 7(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Disclosures.** Counsel for the parties shall not disclose or permit the disclosure of any HIGHLY CONFIDENTIAL documents to any third person or entity, including but not limited the parties, except as set forth in subparagraphs (1)-(6) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL:

(1) **Counsel.** Counsel for the parties specifically retained for this action and employees of counsel who have responsibility for the preparation and trial of the action;

(2) **The Court, Court Reporters, and Recorders.** The Court, Court reporters, and recorders engaged for depositions;

(3) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(4) **Consultants and Experts.** Consultants, investigators, or experts employed counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification

7

contained in Attachment A, Acknowledgment of Understanding and

Agreement to Be Bound; and

**(5) Others by Consent.** Other persons only by written consent of the

Producing Party or upon order of the Court and on such conditions as

may be agreed or ordered. All such persons shall execute the certification

contained in Attachment A, Acknowledgment of Understanding and

Agreement to Be Bound.

**8.    Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent

unauthorized disclosure of Protected Material pursuant to the terms of this Order. Counsel shall

maintain the originals of the forms signed by persons acknowledging their obligations under this

Order for a period of six (6) years from the date of signing.

**9.    Copies.** Prior to production to another party, all copies, electronic images, duplicates,

extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of

documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order,

or any individual portion of such a document, shall be affixed with the designation

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, if the word does not

already appear on the copy. All such copies shall thereafter be entitled to the protection of this

Order. The term "copies" shall not include indices, electronic databases or lists of documents

provided these indices, electronic databases or lists do not contain substantial portions or

images of the text of confidential documents or otherwise disclose the substance of the

confidential information contained in those documents.

**10.    Filing Protected Material Under Seal.** Before any Protected Material is filed with the

Court, the party filing the document shall make reasonable efforts to ensure that the document is

8

protected from public disclosure.  In this respect, the Parties shall comply with Section 5(A)(i)-(iii) of Judge Abrams' Individual Rules & Practices in Civil Cases and/or Section 3(a)-(g) of Magistrate Judge Moses' Individual Practices, as the case may be depending on the recipient of the filing.

11.     **No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12.     **Challenges by a Party to Designation as Confidential or Highly Confidential.** Any CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is subject to challenge by any party or non-party. The following procedure shall apply to any such challenge.

(a) **Objection to Confidentiality.** Within thirty (30) days of the receipt of any document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. Protected Material to which objection has been made shall remain governed by this Order as so designated unless and until designated otherwise by  agreement or order of the Court.

(b) **Obligation to Meet and Confer.** The Challenging Party and the party which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation as to any documents subject to the objection,

9

the Designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.

(c) **Option to File Motion.** In the absence of agreement as to any challenged documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Challenging Party may file within twenty-one (21) days of the meet and confer a motion that challenges the designation. The Designating Party will have the burden to show good cause for the designation.

13. **Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL shall be by motion under Local Rule 7. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. **Use of Protected Material at Trial.** A party which intends to present at trial Protected Material or information derived therefrom shall identify the issue, not the information, in pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15. **Unauthorized Disclosure of Protected Material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material of another Producing Party to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8.    16.    **Inadvertent Production Of Privileged Or Otherwise Protected Material.**   If, in connection with this Action, and despite taking reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work-product, a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work-product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.  If a Producing Party makes a claim of inadvertent disclosure, all Receiving Parties shall, within three (3) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that such information has been returned or destroyed.  If a Receiving Party thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, the motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

17.    **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of Protected Material.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order, including copies as defined in ¶ 9, shall be returned to the producing party unless: (1) the document has been offered into

evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be Protected Material under this Order.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

18.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.

19.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:   March 17, 2026

_____
Hon. Ronnie Abrams
United States District Judge


DATED:   March 16, 2026

*/s/ Rebecca A. Kornhauser*
REBECCA A. KORNHAUSER
NY Bar Number: 6174387
Rebecca.kornhauser@sriplaw.com

**SRIPLAW, P.A.**
41 Madison Avenue, 25th Floor
New York, NY 10010 646.517.3534 –
Telephone 561.404.4353 – Facsimile

*Counsel for Plaintiff Rodney Smith, Ltd.*


**ROYER COOPER COHEN BRAUNFELD LLC**

DATED:   March 13, 2026

*/s/ Julie M. Latsko*
Barry L. Cohen, Esquire
Julie M. Latsko, Esquire*
David S. Hollander*
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
Phone: 484-362-2628
Email: bcohen@rccblaw.com
        jlatsko@rccblaw.com
        dhollander@rccblaw.com
**admitted pro hac vice*

*Attorneys for Defendants Gilchrist & Soames, Inc.,
Sysco Corporation, and Sysco Guest Supply, LLC*

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| RODNEY SMITH LTD., |
| |
| Plaintiff, |
| v. |
| |
| GILCHRIST & SOAMES, INC., SYSCO CORPORATION AND SYSCO GUEST SUPPLY, LLC, |
| |
| Defendants. |

**CASE NO.: 1:25-cv-07816-RA**

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated_____in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

14

15

Business Address: _____

_____

_____


Date: _____    _____
                                             Signature